BERISFORD, APPELLANT, *v.* SELLS, APPELLEE.

(No. 74-307—Decided July 23, 1975.)

*Messrs. Frazier & Sommer, Mr. Karl W. Sommer, Jr., Messrs. Thomas & Thomas* and *Mr. Harold B. Thomas,* for appellant.

*Messrs. Kinder, Kinder, Kinder & Hanlon* and *Mr. Gordon T. Kinder,* for appellee.

*Per Curiam.* Appellant has asserted, from the trial court level to this court, that the dismissal of the second claim of her amended complaint, in effect, thwarted her attempt to challenge the constitutionality of the Ohio guest statute. We disagree, and find that no constitutional question is presented by the proceedings below.

There is no substantial difference between the two claims presented by appellant. In the first claim, appellant alleges that she was a "passenger," who had been damaged through appellee's ordinary negligence (excessive speed) which was the proximate cause of the injury. "Passenger" status is supported by the allegation that there existed an oral agreement to pay for the transportation.

We find that the second claim is merely an abbreviated version of the first (with a failure to specify speeding as the negligent conduct and a failure to allege that passenger status was grounded in an agreement to pay for the ride), except that proximate cause is not alleged.

Upon that basis, the dismissal of the second claim is arguably justified (an absence of proximate cause amounts to failure to state a claim [Civ. R. 12(B)(6)] or the insubstantial difference between the claims warrants a dismissal of the second claim because it is redundant [Civ. R. 12(F)]), and appellant has not attempted to show how such action prejudiced her rights.

From the record presented, it is impossible to determine whether prejudice resulted to appellant or whether the guest statute operated to deny her recovery. The record discloses only that (1) appellant at all times alleged that she was a "passenger" and that the defendant was guilty of ordinary negligence; (2) the court charged the jury to determine three issues of fact: Whether defendant was negligent, whether that negligence was the proximate cause of plaintiff's injuries, and whether plaintiff was a "passenger" or a "guest" in defendant's automobile; and (3) the jury found for the defendant in a general verdict (Civ. R. 49[A]), which was not "tested" by interrogatories pursuant to Civ. R. 49(B).

If the jury's verdict was grounded upon a finding of

no negligence, there was evidence of record to support such conclusion, and the verdict should not be disturbed. If the verdict was grounded upon a finding that plaintiff was a "guest" rather than a "passenger" and pursuant to the court's charge the jury applied the guest statute to preclude liability, then the statute's validity would be a proper subject for appeal.

However, the verdict form states that the jury found "the *issues* in this case in favor of the defendant" (emphasis added), and in the absence of interrogatories it is to be presumed on review that the jury's verdict was founded upon the issue tried free from alleged error—negligence, in this case. *H. E. Culbertson Co.* v. *Warden* (1931), 123 Ohio St. 297, 303.

Accordingly, the judgment of the Court of Common Pleas should have been affirmed, and a determination of the constitutionality of R. C. 4515.02 was not required to reach that result.

The judgment of the Court of Appeals is affirmed insofar as it affirmed the judgment of the Court of Common Pleas.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.