{¶ 121} I agree with the bulk of the majority's opinion, but I respectfully disagree with them on a single issue: whether the trial court properly dismissed Mrs. Grenga for failing to comply with Civ.R. 11. Mrs. Grenga did not sign a series of documents which her husband filed on her behalf, thereby violating Civ.R. 11. However, dismissal of a party is an improper sanction for a violation of Civ.R. 11. Instead, the documents filed were a nullity, should have been stricken from the record, and Mrs. Grenga should have been given the procedural protections of Civ.R. 41(B)(1) before she was dismissed as a party. The trial court's decision to the contrary should be reversed and this case should be remanded for further proceedings.
 {¶ 122} As the majority describes, Mrs. Grenga failed to sign any of the documents filed on her behalf by her husband between July 31, 2003, and March 29, 2004. Opinion at ¶ 37. Thus, Mr. Grenga filed at least twenty-five separate documents on the couple's behalf without Mrs. Grenga's signature. Id. This is clearly a violation of Civ.R. 11, which requires the signature of every pro se party on a document filed with the court. By filing documents on his wife's behalf without her signature, Mr. Grenga was clearly engaged in the unauthorized practice of law. Id. at ¶ 36.
 {¶ 123} The fact that the Grengas violated Civ.R. 11 by filing documents pro se on Mrs. Grenga's behalf without Mrs. Grenga's signature does not mean that the trial court could dismiss Mrs. Grenga as a sanction for that violation. The purpose of Civ.R. 11 is to curb abuse of the judicial system by preventing frivolous pleadings and motions by encouraging litigants to stop, think and investigate more carefully before serving and filing papers. Moss v. Bush, 105 Ohio St.3d 458,2005-Ohio-2419, at ¶ 21. If a paper is not filed in good faith with adequate supporting grounds, then the court may sanction the offending party under Civ.R. 11. Stone v. House of Day Funeral Service, Inc.
(2000), 140 Ohio App.3d 713, 720.
 {¶ 124} Ohio's courts have followed federal precedent and held that only the individual signing a document is liable for sanctions under Civ.R. 11. Burrell v. Kassicieh (1998), 128 Ohio App.3d 226, 231;Lewis v. Celina Fin. Corp. (1995), 101 Ohio App.3d 464, 472; Riley v. Langer (1994), 95 Ohio App.3d 151, 162; see also Pavelic LeFlore v. Marvel Entertainment Group (1989), 493 U.S. 120 (Under Federal Rule, only person signing document can be sanctioned under Civ.R. 11). Thus, the Civ.R. 11 requirement that a document be signed is merely a way of allowing the court to determine who should be held responsible for the frivolous filing.
 {¶ 125} Not one Ohio appellate court has ever approved of a decision dismissing a party under Civ.R. 11 because some of the documents the party filed with the trial court were not signed by that party. Indeed, the Ohio Supreme Court has looked disfavorably upon decisions which impose the most severe sanction, dismissal, for defects such as an irregular signature. See Jemo Assoc., Inc. v. Lindley (1980),64 Ohio St.2d 365, 369. Thus, if a trial court dismisses a pro se party from a lawsuit under Civ.R. 11 because that party did not sign documents filed on their behalf, then the court is abusing its discretion.
 {¶ 126} Civ.R. 11 provides the proper action a court should take when faced with documents that are unsigned. The Rule states that "[i]f a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served." In accordance with this mandate, this court has previously recognized that any filing by a non-attorney on another's behalf violates Civ.R. 11 and is a nullity which may be stricken from the record. In re Ohio Bureau of Support, 7th Dist. No. 00APO742, 2001-Ohio-3450, citing Union Sav. Assn. v. HomeOwners Aid (1970), 23 Ohio St.2d 60.
 {¶ 127} In this case, the many documents which Mr. Grenga filed on Mrs. Grenga's behalf without her signatures were nullities as to her and could be stricken from the record. However, none of these documents were her pleadings. Mrs. Grenga clearly signed the original complaint and her signature also appears on the first and second amended complaints. Thus, even if the documents which she did not sign were stricken, her claims against Appellees are still pending.
 {¶ 128} The majority believes the trial court could properly strike those pleadings for two reasons. First, it questions whether Mrs. Grenga signed many of the documents containing her signature. Opinion at ¶ 38. Presumably, this would include the first and second amended complaints since Mrs. Grenga's signature on these pleadings "is nearly identical to Mr. Grenga's" and is "distinct" from her signature on other documents. Id. But it would be improper for the majority to base its decision on these grounds since the issue of whether Mrs. Grenga actually signed these documents would be factual questions for the trial court to answer. Furthermore, one of the documents containing Mrs. Grenga's distinct signature is the original complaint. Thus, even if the first and second amended complaints were stricken as to her, the claims in the original complaint would still survive.
 {¶ 129} Second, the majority concludes the trial court could properly strike Mrs. Grenga's claims under Civ.R. 12(F) since her interest in the lawsuit is identical to those of her husband. Civ.R. 12(F) allows a trial court to strike any claim or defense from a pleading for certain, specific reasons. The majority misapplies this Rule in three ways as the basis to affirm the trial court's decision.
 {¶ 130} First, Civ.R. 12(F) states that a trial court may only grant the relief provided within that Rule upon a timely motion by a party. In this case, no party moved to strike any portion of Mrs. Grenga's complaint within the time limits contemplated by Civ.R. 12(F). Rather, the Appellees' motion was made months after the time for filing such a motion had expired. Thus, the trial court could not have granted Civ.R. 12(F) relief.
 {¶ 131} Second, the Ohio Supreme Court has explained that Civ.R. 12(F) "should only be used to attack individual claims which are not dispositive of the entire action," rather than the entire pleading. Stateex rel. Neff v. Corrigan, 75 Ohio St.3d 12, 14, 1996-Ohio-0231. Third, Civ.R. 12(F) allows a trial court to dismiss a claim when that claim is redundant. The majority contends that Mrs. Grenga's claims are redundant because her interest in the suit is no different than her husband's, but this kind of redundancy is not what Civ.R. 12(F) is aimed at. Instead, claims are redundant under Civ.R. 12(F) when a party alleges the same set of fact in multiple claims against a defendant. See Berisford v. Sells
(1975), 43 Ohio St.2d 205, 207.
 {¶ 132} Thus, the trial court could not use Civ.R. 11 to strike Mrs. Grenga's complaint since it was signed. Likewise, it could not use Civ.R. 12(F) to strike her complaint since no party timely moved for that relief. That Rule should not be used to strike an entire pleading, and the redundancy the majority refers to is not the type of redundancy contemplated by the Rule. The trial court had no authority to dismiss Mrs. Grenga from this lawsuit for failing to sign the documents her husband filed on her behalf and this court cannot affirm its decision on that or any other basis.
 {¶ 133} Of course, this does not mean that the trial court could not have dismissed Mrs. Grenga from the lawsuit if it had given her the proper notice. Mrs. Grenga did nothing to prosecute her lawsuit for approximately nine months. Thus, the trial court arguably could have dismissed Mrs. Grenga's claims for failure to prosecute under Civ.R. 41(B)(1). However, that Rule has procedures which must be followed before a party can be dismissed for failure to prosecute and those procedures were not followed in this case.
 {¶ 134} Admittedly, the trial court granted summary judgment to Appellees on Mr. Grenga's claims after Mrs. Grenga was dismissed from the case, and it is unlikely that Mrs. Grenga's claims would withstand a similar motion for summary judgment. Further, the record shows that Mr. Grenga did most of the litigating on the couple's behalf, yet Mrs. Grenga would have to prosecute the case on her own upon remand since her husband could no longer represent her in the manner he has done previously. For these reasons, I can understand how remanding this case could appear to be an exercise in futility.
 {¶ 135} Nevertheless, I cannot allow a trial court to impose the most severe sanction, dismissal, on a party when that sanction is not authorized by the Civil Rules. Civ.R. 11 does not authorize a trial court to dismiss a pro se party from a lawsuit simply because that party did not sign documents which were filed on their behalf. Civ.R. 12(F) does not authorize a trial court to dismiss a party's claims when a party has not timely moved for that relief. Civ.R. 41(B)(1) does not allow a trial court to dismiss a party for failing to prosecute a case without proper notification. We must give litigants the procedural process to which they are due. The trial court's decision dismissing Mrs. Grenga from the lawsuit should be reversed and this case should be remanded for further proceedings.