FRAZIER, Appellant,

v.

SWIERKOS et al., Appellees.

[Cite as *Frazier v. Swierkos*, 183 Ohio App.3d 77, 2009-Ohio-3353.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 08 BE 8.

Decided June 30, 2009.

Michael J. Shaheen and Rebbeca L. Bench, for appellant.

Harrington, Hoppe & Mitchell, Ltd., and Christopher J. Baronzzi, for appellees.

WAITE, Judge.

{¶ 1} Appellant, Robert Frazier, was awarded a monetary judgment in Belmont County Court of Common Pleas in a personal-injury case but filed a motion seeking a new trial because he believed that the jury award was inadequate. The basis for the motion was that the jury could not have found liability for his medical bills without also including an additional amount for pain and suffering. The trial court overruled the motion, and the matter is now on appeal. There is a presumption that the trial court acted correctly unless the record proves otherwise, and the record as submitted does not overcome that presumption. The jury awarded a general verdict in excess of appellant's medical bills, and we must presume that the excess was to compensate appellant for pain and suffering. The judgment of the trial court is affirmed.

{¶ 2} On the night of July 18, 2003, appellant was driving a Ford Aerostar van on Interstate 470 in Belmont County when he was hit head on by a car driven by appellee Scott Swierkos. The other occupants of appellant's vehicle were Tamara Bruce and Loretta Becker. Appellee was intoxicated at the time of the accident. Appellant had also been drinking earlier in the evening. Appellant was taken to a nearby hospital with injuries to his head, neck, and back. He was treated over the next few months by a chiropractic doctor, William Grubbs, D.C.

{¶ 3} On July 15, 2005, appellant filed a personal-injury lawsuit against both appellee and Glenn Swierkos, the owner of the Pontiac Sunfire that Scott had been driving.

{¶ 4} The case went to jury trial from October 24, 2007, through November 2, 2007. Only a partial transcript has been prepared for this appeal. The tran-

script includes some of the testimony of Dr. Grubbs. The transcript also includes the testimony of appellant.

{¶ 5} The jury found that appellee recklessly caused appellant's injuries. The jury also found that appellant was not entitled to punitive damages. The jury, in a general verdict, awarded appellant $5,000. The court entered the verdict on November 2, 2007. Appellant filed a motion for a new trial on November 16, 2007. A hearing on the motion was held on March 10, 2008. The court overruled the motion on March 27, 2008. Appellant filed this timely appeal on April 24, 2008.

{¶ 6} Appellant's sole assignment of error states:

{¶ 7} "The Trial Court erred in denying Appellant's Motion for a new trial as the jury's verdict was inconsistent and against the manifest weight of the evidence presented."

{¶ 8} In this appeal, appellant is challenging whether the trial court erred in failing to grant a Civ.R. 59(A) motion for new trial. The purpose of Civ.R. 59(A) is to empower the trial court to prevent a miscarriage of justice. *Malone v. Courtyard by Marriott L.P.* (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242. "Civ.R. 59 allows, rather than mandates, a trial court to grant a new trial * * *." *Sims v. Dibler*, 7th Dist. No. 05 JE 53, 172 Ohio App.3d 486, 2007-Ohio-3035, 875 N.E.2d 965, ¶ 31, citing *Eagle Am. Ins. Co. v. Frencho* (1996), 111 Ohio App.3d 213, 218, 675 N.E.2d 1312.

{¶ 9} Civ. R. 59(A) states:

{¶ 10} "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

{¶ 11} "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;

{¶ 12} "(2) Misconduct of the jury or prevailing party;

{¶ 13} "(3) Accident or surprise which ordinary prudence could not have guarded against;

{¶ 14} "(4) *Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;*

{¶ 15} "(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;

{¶ 16} "(6) *The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;*

{¶ 17} "(7) The judgment is contrary to law;

{¶ 18} "(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;

{¶ 19} "(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application;

{¶ 20} "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown." (Emphasis added.)

{¶ 21} A court of appeals must affirm the discretionary decision of a trial court to deny a new trial unless there is an abuse of discretion. *Jones v. Booker* (1996), 114 Ohio App.3d 67, 682 N.E.2d 1023. An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. Furthermore, when a trial court's decision on a motion for a new trial involves a question of fact, a reviewing court must view the evidence in a light favorable to the trial court's decision. *Osler v. Lorain* (1986), 28 Ohio St.3d 345, 351, 28 OBR 410, 504 N.E.2d 19, citing *Jenkins v. Krieger* (1981), 67 Ohio St.2d 314, 320, 21 O.O.3d 198, 423 N.E.2d 856.

{¶ 22} Appellant argues that a new trial should have been granted because the jury award was insufficient and inconsistent. Appellant is correct that a new trial may be granted due to an award of inadequate damages. Civ.R. 59(A)(4). A new trial may also be granted if the jury award is against the manifest weight of the evidence. Civ.R. 59(A)(6). "[I]n order to set aside a damage award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the jury to include all the items of damage making up the plaintiff's claim." (Emphasis omitted.) *Bailey v. Allberry* (1993), 88 Ohio App.3d 432, 435, 624 N.E.2d 279.

{¶ 23} Appellant submitted medical bills of $3,424.51. The jury award was $5,000. Thus, appellant appears to be arguing that the difference, which is approximately $1,575, is inadequate as a matter of law to compensate him for his noneconomic damages.

{¶ 24} Appellant relies on five cases, including one from this court, that involved jury awards of damages equal to the submitted medical bills but that did not include any additional amounts for pain and suffering, mental distress, or other intangible and noneconomic injuries. In *Wines v. Flowers*, 7th Dist. No. 06 BE 3, 2006-Ohio-6248, 2006 WL 3423374, the trial court ordered a new trial on all damages issues after the jury awarded the plaintiff the full amount of medical

expenses of $5,113 but failed to award any amount for future medical expense, pain, suffering, or loss of enjoyment of life. We upheld the trial court's ruling. The narrow issue in the appeal was "whether the new trial should proceed on all damage issues or whether the award concerning medical expenses should remain with the new trial proceeding only on the issue of pain and suffering and loss of enjoyment of life." Id. at ¶ 8. The issue presented in *Wines* is not the issue presently before us. In *Wines* we did explain, though, that "[n]ew trials are often granted when medical expenses are awarded in full but no damages are awarded for pain and suffering in cases where the evidence indisputably shows that the plaintiff incurred pain and suffering." Id. at ¶ 8.

{¶ 25} In *Siders v. Reynoldsburg School Dist.* (1994), 99 Ohio App.3d 173, 650 N.E.2d 150, the plaintiff was injured after he was hit by a school bus while riding his bicycle. The jury awarded him $150,000 in past and future medical bills but nothing for pain and suffering. The Tenth District Court of Appeals reversed the jury award and ordered a new trial because the evidence of pain and suffering was undisputed and because the jury award could not be reconciled with the evidence. The evidence showed that the boy endured a broken leg in which the bone was exposed; suffered extensive scarring of the chest, head, neck, and leg; had a torn aorta; endured extensive and painful skin grafting; and that he complained of pain all the time, to the point that he required psychiatric care. None of this evidence was disputed.

{¶ 26} In *Perry v. Whitaker* (June 22, 2001), 6th Dist. No. WD–00–065, 2001 WL 709142, the plaintiffs were struck from behind while waiting at a stop light on their motorcycle. The jury awarded them, collectively, over $12,000 but did not award any amount for pain and suffering or other noneconomic damages. The plaintiffs filed a motion for new trial, which was denied. The Sixth District Court of Appeals reversed, holding that the jury should have awarded some type of damages for pain and suffering, based on the evidence presented at trial, although the appellate court would not speculate as to how much would be an appropriate amount for such damages.

{¶ 27} In *Whiteside v. Bennett*, 1st Dist. No. C–050605, 2006-Ohio-3600, 2006 WL 1933738, the plaintiff was involved in an automobile accident and was awarded $34,000 for past pain and suffering, past medical expenses, lost wages, future medical expenses, and for the loss of ability to perform usual activities. The plaintiff filed a motion for new trial on the issue of whether damages should have been awarded for future pain and suffering, since part of the award was for future medical expenses. The trial court denied the motion, and the First District Court of Appeals reversed on the basis of uncontroverted testimony of three doctors that the plaintiff would continue to suffer pain in the future.

{¶ 28} In *Boldt v. Kramer* (May 14, 1999), 1st Dist. No. C–980235, 1999 WL 299888, the First District Court of Appeals reversed the overruling of a motion for new trial in yet another automobile accident case. The jury awarded $4,139 in medical expenses but did not award any damages for past or future pain and suffering. The court noted that the plaintiff testified about her pain at the time of the accident and while in the emergency room, and she had bruises from the accident. She was kept overnight in the hospital due to her pain. The First District held that "[i]t is only reasonable to conclude that if there are necessary and legitimate medical expenses of $4,139.15, Boldt must have experienced some pain and suffering. We hold, under the facts of this case, where the jury awarded the amount of the emergency-room medical expenses as damages, it was required to award Darlene Boldt an amount for pain and suffering for the time immediately following the accident, including the time spent in the emergency room." Id. at *4.

{¶ 29} The instant case can be distinguished from all of the aforementioned cases cited by appellant because in those cases the appellate court could determine an exact amount awarded for medical bills and could determine that no monetary damages were awarded to compensate the plaintiffs for pain and suffering. In *Siders*, jury interrogatories specified that an award was being made for future medical expense but that no award was being made for future pain and suffering. In *Perry v. Whitaker*, the Sixth District clearly stated that it could not speculate about how much would be an appropriate amount for pain and suffering and that it was ordering a new trial because the jury had awarded nothing for pain and suffering. In *Whiteside*, the jury expressly stated that it was awarding no damages for future pain and suffering. Id. at ¶ 2. In *Boldt*, there were jury interrogatories specifying the amounts for past medical expenses and past pain and suffering.

{¶ 30} In the instant case, the record contains only a general award of $5,000, with no additional interrogatories specifying what particular claims for damages were being compensated. Appellant's medical expenses were $3,424.51. The jury awarded him another $1,575 above and beyond his medical expenses as additional damages. This amount could have been for pain and suffering, and without something in the record to contradict the presumption that the trial proceedings were correct, we must presume that the jury did award appellant some noneconomic damages. See *Berisford v. Sells* (1975), 43 Ohio St.2d 205, 208, 72 O.O.2d 117, 331 N.E.2d 408 (the jury returned a general verdict not tested by interrogatories, and the reviewing court presumed that the jury's verdict was free from error on all issues). Appellant has not pointed to any cases in which an appellate court granted a new trial on the grounds of inadequate damages for noneconomic injuries when the jury actually awarded damages for pain and

83

suffering. The jury verdict in this case is not so low as to shock the conscience, and the verdict can be reconciled with the evidence to show that damages for pain and suffering were awarded. Appellant's argument is not persuasive, and the judgment of the trial court is affirmed.

Judgment affirmed.

VUKOVICH, P.J., and DONOFRIO, J., concurs.