OPINION
Appellant, Gloria J. Allen, appeals from a final judgment of the Trumbull County Court of Common Pleas entered after a jury returned a verdict in her favor for $1,465.84. For the reasons that follow, the judgment of the trial court is affirmed.
On September 21, 1998, appellant filed a complaint in the Trumbull County Court of Common Pleas against appellee, Thomas J. Allen. In her complaint, appellant alleged that appellee, her ex-husband, had negligently caused serious and permanent injuries to her right elbow during a physical altercation. Appellee filed an answer denying the allegations in the complaint.
After the completion of discovery, the matter proceeded to a jury trial on August 28, 2000. During the trial, appellant presented evidence of her damages, which included medical bills, lost wages, loss of future earning capacity, and pain and suffering.
At the conclusion of the evidence, the jury returned a general verdict in favor of appellant. In response to specific interrogatories, the jury found that appellee had been negligent, and that his negligence was the proximate cause of appellant's injuries. Based on its findings, the jury then awarded appellant a total of $1,465.84 in damages. The trial court thereafter entered judgment against appellee consistent with the jury's verdict.
Appellant subsequently filed a motion for new trial that was denied by the trial court. She then filed a timely notice of appeal with this court, asserting the following assignments of error for our consideration:
 "[1.] Trial Court erred in not granting Plaintiff's motion for new trial as the damage award is against the manifest weight of the evidence in that damages were inadequate in compensating Plaintiff's losses.
 "[2.] Damages were inadequate in compensating Plaintiff's losses.
 "[3.] The damages award was so overwhelmingly disproportionate to the evidence of damages that the jury was obviously influenced by passion and prejudice.
 "[4.] The jury verdict wrongfully excluded damages for pain and suffering.
 "[5.] The trial court erred to the prejudice of the Plaintiff by sustaining Defendant's objection that disallowed Plaintiff the right to answer questions regarding (1) dates of treatment and (2) the independent medical exam and (3) allowing opposing counsel to tell [the] jury that expenses were going on defendant's tab, account (4) not allowing comments Plaintiff's counsel to comment putting item's on the defendant's tab.
 "[6.] The Trial Court erred in allowing admission, over Plaintiff's objection, into evidence a videotape of Plaintiff dancing, at her 25th Class Reunion."
 Appellant's first four assignments of error are interrelated and will be considered in a consolidated manner. Essentially, appellant argues that the jury award should be set aside and a new trial ordered because the evidence regarding her medical bills, lost wages, loss of future earning capacity, and pain and suffering was, for the most part, uncontroverted. Accordingly, she believes that the jury's award was improperly influenced by passion and prejudice, and is against the manifest weight of the evidence. We disagree.
Generally speaking, the purpose of awarding a party damages is to compensate the party for all of the injuries sustained. Fantozzi v.Sandusky Cement Products Co. (1992), 64 Ohio St.3d 601, 612. In other words, "[c]ompensatory damages are intended to make whole the plaintiff for the wrong done to him or her by the defendant." Id. Compensatory damages may include, among other things, "direct pecuniary loss, such as hospital and other medical expenses immediately resulting from the injury, or loss of time or money from the injury, loss due to the permanency of the injuries, disabilities or disfigurement, and physical and mental pain and suffering." Id.
Moreover, "the assessment of damages is so thoroughly within the province of the jury that a reviewing court is not at liberty to disturb the jury's assessment absent an affirmative finding of passion and prejudice * * *." Moskovitz v. Mt. Sinai Med. Ctr. (1994),69 Ohio St.3d 638, 655. See, also, Magdych v. Bush (Dec. 7, 2001), Trumbull App. Nos. 2000-T-0129 and 2000-T-0130, unreported, 2001 Ohio App. LEXIS 5446, at 6.
In fact, to set aside a jury award as inadequate and against the manifest weight of the evidence, a reviewing court must determine that the jury verdict is so disproportionate as to shock reasonable sensibilities, cannot be reconciled with the undisputed evidence in the case, or indicates that the jury lost its way in assessing compensatory damages by failing to include all items making up the plaintiff's claim.Begeot v. Izzat (July 21, 2000), Trumbull App. No. 98-T-0208, unreported, 2000 Ohio App. LEXIS 3293, at 10, quoting Bailey v. Allberry
(1993), 88 Ohio App.3d 432, 437. See, also, Wigglesworth v. St. JosephRiverside Hosp. (2001), 143 Ohio App.3d 143, 148.
Furthermore, the mere size of an award, while relevant, is insufficient to establish the existence of passion or prejudice. Jeanne v. HawkesHosp. of Mt. Carmel (1991), 74 Ohio App.3d 246, 257. Instead, "[t]here must be something contained in the record which the complaining party can point to that wrongfully inflamed the sensibilities of the jury."Shoemaker v. Crawford (1991), 78 Ohio App.3d 53, 65. As a result, a party arguing that an unusually low verdict was the result of passion or prejudice must "affirmatively indicate that the record discloses either (a) the admission of incompetent evidence, (b) the misconduct on the part of the court or counsel, or (c) any other action that could have unduly swayed the jurors in their assessment of damages." Shepper v. Tontimonia
(Aug. 23, 1996), Portage App. No. 95-P-0079, unreported, 1996 Ohio App. LEXIS 3561, at 9.
Here, it is undisputed that appellee grabbed appellant's arm, and that this negligent conduct proximately caused appellant some injury. However, the severity of that injury was certainly in question at trial. Specifically, appellant introduced numerous exhibits into evidence relating to her medical bills and lost wages, and also submitted the depositions of two physicians in which they detailed appellant's injury, treatment, and rehabilitation. However, appellee effectively challenged much of this evidence through cross-examination of the witnesses.
As the trier of fact, the jury was required to determine the extent of appellant's injuries and to assign a dollar amount that would serve to compensate her. Shepper at 6. Moreover, as noted by the Supreme Court of Ohio in Myers v. Garson (1993), 66 Ohio St.3d 610, 614, "where the decision in a case turns upon credibility of testimony, and where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court."
After reviewing the record, then, this court concludes that appellant cannot show that the jury considered improper evidence, that the trial court or the attorneys engaged in unsavory conduct that somehow influenced the jury, or that the ultimate award is so overwhelmingly disproportionate as to shock reasonable sensibilities. Rather, the jury simply may have chosen to disbelieve appellant, along with her doctors, concerning the extent of her injuries and the necessity of some of the provided treatment.
Appellant also argues that the jury's award failed to include any compensation for her pain and suffering. She believes that because the jury determined that she was entitled to special damages, the jury was required to award something for her pain and suffering.
Numerous courts in this state have held that damage awards representing special damages, such as medical bills or lost wages, without an award of pain and suffering, are against the manifest weight of the evidence.Farkas v. Detar (1998), 126 Ohio App.3d 795, 807-808; Iames v. Murphy
(1995), 106 Ohio App.3d 627, 632; Hardy v. Osborn (1988),54 Ohio App.3d 98, 100. "If a jury awards the amount of medical expenses as damages, it is required to award an amount for pain and suffering."Popson v. Pennington (Aug. 14, 2000), Clinton App. No. CA99-05-013, unreported, 2000 Ohio App. LEXIS 3669, at 8. Accordingly, "[w]here a jury fails to award any damages for a plaintiff's uncontroverted pain and suffering, a new trial should be ordered." Id.
Here, it is entirely possible that the jury found appellant's injury was so slight that only the initial examination and immediate follow-up treatment were warranted. If that were the case, then some small amount for pain and suffering may well have also been included in the jury's verdict.
Put another way, once the extent of appellant's injury was challenged, the extent of the treatment was also put at issue. In this case, no interrogatories were requested or submitted to test this issue. Further, neither party objected to the interrogatories that were submitted for the jury's consideration. Although this situation does not precisely fall within the scope of the two-issue rule, the analogy is apt.[1]
Certainly, the jury award in the instant matter is less than the claimed medical expenses, lost wages, and out-of-pocket expenses alleged by appellant at trial. And while the jury's $1,465.84 award was identified as "economic" in Interrogatory No. 3, the trial court instructed the jury that although the interrogatory says "economic[,]" the award should include "all parts of any claimed damages" which would fully and fairly compensate appellant. Therefore, this court will not assume that simply because the award was less than appellant's claimed damages it also failed to compensate appellant for her pain and suffering.
Accordingly, under the circumstances of this case, we are unable to conclude that the jury's award was either inadequate or against the manifest weight of the evidence. Appellant has simply failed to demonstrate that the record affirmatively shows the existence of error in the jury's reasoning. Thus, appellant's first, second, third, and fourth assignments of error are not well-taken.
Under assignment of error five, appellant first argues that the trial court abused its discretion when it prevented her from testifying about certain issues at trial. Specifically, appellant maintains that the trial court should have allowed her to testify about why she did not receive medical treatment during a particular ten-month time period, and about her participation in an independent medical examination that was conducted prior to trial.
It is incumbent upon a party who has been prevented from presenting evidence during a trial to proffer what the expected answer would have been in order to preserve the issue for appeal. Pool v. Wade (1996),115 Ohio App.3d 449, 455; Evid. R. 103(A)(2). When no proffer is made, the exclusion of evidence may not be assigned as error on appeal "unless the substance of the excluded evidence is apparent from the context within which questions were asked." Poole at 455.
Here, the record shows that after the trial court sustained appellee's objections to the testimony, appellant failed to proffer or otherwise attempt to introduce the disputed evidence. Also, it is impossible to ascertain the substance of the excluded evidence from the context within which the questions were asked. As a result, this court has nothing to review because appellant failed to create a proper record on appeal. See, generally, Slaby v. Boyle (June 18, 1999), Ashtabula App. No. 97-A-0086, unreported, 1999 Ohio App. LEXIS 2807, at 11.
Next, appellant submits that the trial court abused its discretion when it permitted appellee's attorney to inform the jury that any awarded damages "were going on [appellee's] tab." Appellant claims that this statement misled the jury because both parties knew that appellee's insurance company actually would be responsible for paying any judgment against appellee.
Although appellant claims that this statement misled the jury, she has provided no examples in the record showing where appellee's attorney made such a comment. Instead, appellant merely refers to a small portion of closing arguments wherein appellee's attorney essentially argues that according to appellant, everything bad in her life is attributable to her injury and appellee. Thus, appellant has failed to properly "`identify in the record the error on which the assignment of error is based[.]'" In reO'Neal (Nov. 24, 2000), Ashtabula App. No. 99-A-0022, unreported, 2000 Ohio App. LEXIS 5460, at 9, quoting App.R. 12(A)(2). See, also, Evid.R. 411 (providing that "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully."). Appellant's fifth assignment of error has no merit.
In her sixth and final assignment of error, appellant maintains that the trial court abused its discretion when it allowed appellee to introduce into evidence a videotape showing her dancing at her high school reunion. Appellant claims that the videotape was never included on appellee's exhibit list, and even if it was included, it was irrelevant to the case.
As this court has noted on numerous occasions, a trial court is vested with broad latitude when determining the admissibility of evidence in any given case. Therefore, the admission or exclusion of evidence rests within the sound discretion of the trial court and such decision will not be reversed absent an abuse of that discretion. Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269, 271. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
First, the record shows that appellee supplemented his exhibit list to include the challenged videotape. Moreover, appellant has failed to include the videotape with the record on appeal. The failure to do so is fatal because this court is unable to view the videotape in order to determine whether or not it was prejudicial to appellant's case. In other words, without the videotape, appellant cannot affirmatively demonstrate that the trial court committed error in allowing the jury to view it because, absent evidence to the contrary, we must presume the regularity of the proceedings below. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Appellant's sixth assignment of error is not well-taken.
Based on the foregoing analysis, appellant's six assignments of error have no merit. The judgment of the trial court, therefore, is affirmed.
NADER, J., GRENDELL, J., concur.
[1] The two-issue rule is applied "`where there are two causes of action, or two defenses, thereby raising separate and distinct issues, and a general verdict has been returned, and the mental processes of the jury have not been tested by special interrogatories to indicate which of the issues was resolved in favor of the successful party, it will be presumed that all issues were so determined; and that, where a single determinative issue has been tried free from error, error in presenting another issue will be disregarded.'" Hampel v. Food IngredientsSpecialties, Inc. (2000), 89 Ohio St.3d 169, 185, quoting H.E. CulbertsonCo. v. Warden (1931), 123 Ohio St. 297, 303.