[Cite as *Ford v. Sekic*, 2013-Ohio-1895.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98835**

---

## CHRIS FORD

PLAINTIFF-APPELLANT

vs.

## ASIM SEKIC, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED IN PART,
REVERSED IN PART, REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-740324

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** May 9, 2013

**ATTORNEYS FOR APPELLANT**

Marcus S. Sidoti
Nicholas R. Sidoti
Jordan & Sidoti, L.L.P.
50 Public Square, Suite 1900
Cleveland, OH   44113


**ATTORNEY FOR APPELLEES**

Ralph T. DeFranco
55 Public Square
Suite 1600
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} Plaintiff-appellant Chris Ford appeals the judgment of the Cuyahoga County Court of Common Pleas that failed to award him damages for pain and suffering. For the reasons stated herein, we reverse the judgment on pain and suffering damages and remand the matter for a new trial on said damages.

{¶2} This action arose out of an incident that occurred on November 19, 2009. On that date, defendant-appellee Andreas Sekic ("Sekic") encountered Ford, who was in his car, at a Drug Mart parking lot and again at a convenience store. Sekic, who is married to Ford's sister, had a strained relationship with Ford. Sekic called his father, Asim Sekic, to help with the situation. Sekic's father and sister went to the convenience store to meet Sekic, and the three went to Ford's residence.

{¶3} After arriving at Ford's residence, Sekic and his father engaged in a verbal altercation with Ford, Ford's father, and Ford's uncle. Sekic saw Ford's father reach for an object near a couch. As the other parties were coming toward him, Sekic fell backwards, grabbed a flower pot, and threw it in their general direction. He claimed that he was not aiming at Ford when he threw the flower pot. He testified that he did not intend to harm any of the individuals. Nonetheless, he agreed that the flower pot hit Ford and that Ford sustained injuries.

{¶4} Ford was struck in the head by the flower pot and lost consciousness. He was transported by ambulance to a hospital where he was treated for multiple lacerations

to his head, face, and ear. Ford received initial and subsequent treatments, including reconstructive surgeries on his left ear, excision of a lesion, and treatment for cellulitis.

{¶5} Ford testified to having pieces of ceramic embedded in his ear, being in severe pain, having tremendous headaches, and suffering temporary hearing loss. He spent five days in the hospital. He underwent reconstructive surgeries to his ear and received suturing to his forehead, with a resulting scar. He also was provided therapy for memory-loss issues. He later suffered an infection that required additional care.

{¶6} As a result of the incident, Sekic was convicted of two counts of felonious assault and sentenced to two years in prison. *State v. Sekic*, Cuyahoga C.P. No. CR-531300, *conviction aff'd*, 8th Dist. No. 95633, 2011-Ohio-3978. Asim Sekic was convicted of one count of felonious assault. *State v. Sekic*, Cuyahoga C.P. No. CR-531300, *conviction aff'd*, 8th Dist. No. 95679, 2011-Ohio-4809.

{¶7} On November 1, 2010, Ford filed this civil action against both Sekic and Asim Sekic. His complaint included an assault count and a negligence count, under which Ford claimed that as a result of the defendants' actions, Ford suffered physical pain and mental and emotional anguish and he expected to experience similar pain and suffering in the future. He also included a count for punitive damages. In his prayer for relief, he demanded damages in excess of $25,000 on each of Counts 1 and 2, and on all counts he demanded "interest; attorneys' fees, punitive, compensatory, actual and special damages in addition to his costs herein."

**{¶8}** During the proceedings, Ford dismissed Asim Sekic from the action. The case proceeded to a bench trial against Sekic on July 2, 2012. Ford sought damages for medical bills in the amount of $32,215.25, and for pain and suffering in the amount of $154,000.

**{¶9}** On July 23, 2012, the trial court issued its judgment, including findings of fact and conclusions of law. The trial court found that Sekic was negligent and that his actions were a direct and proximate cause of Ford's injuries. The court further found that Ford sustained medical bills in the amount of $32,215.25 and awarded judgment against Sekic in said amount plus statutory interest. The court awarded no damages for pain and suffering and did not address said damages in its decision.

**{¶10}** On August 7, 2012, Ford filed a motion for reconsideration regarding noneconomic damages. On August, 20, 2012, he filed a notice of appeal. While it appears the trial court attempted to rule on the motion for reconsideration and revise the award to include damages for pain and suffering, the entry was not journalized prior to the filing of the notice of appeal. As a result, the entry is void. "An appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9.

**{¶11}** On appeal, Ford claims the trial court's failure to award damages for pain and suffering was against the manifest weight of the evidence. No appellee's brief was filed.

**{¶12}** In determining whether the damage award is inadequate and against the manifest weight of the evidence, we must determine

> "that the verdict is so grossly disproportionate as to shock the sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the [trier of fact] to include all the items of damage making up the plaintiff's claim."

*Iames v. Murphy*, 106 Ohio App.3d 627, 631, 666 N.E.2d 1147 (1st Dist.1995), quoting *Bailey v. Allberry*, 88 Ohio App.3d 432, 435, 624 N.E.2d 279 (2d Dist.1993).

**{¶13}** Courts have consistently found that "when a plaintiff receives damages for medical expenses but does not receive an award of damages for past pain and suffering, and where there is evidence supporting such damages, such judgment is against the manifest weight of the evidence." *Juarez v. Osterman*, 10th Dist. No. 98AP-1221, 1999 Ohio App. LEXIS 6536 (Aug. 12, 1999). *See also Cooper v. Moran*, 11th Dist. No. 2010-L-141, 2011-Ohio-6847, ¶ 21-23; *Boldt v. Kramer*, 1st Dist. No. C-980235, 1999 Ohio App. LEXIS 2140 (May 14, 1999). Thus, under circumstances where a substantial injury is sustained and there is unrefuted evidence of pain and suffering, courts have found that an award for medical expenses without any valuation for pain and suffering is against the manifest weight of the evidence. *See Cooper* at ¶ 21-22; *Garaux v. Ott*, 5th Dist. No. 2009 CA 00183, 2010-Ohio-2044, ¶ 26; *Hardy v. Osborn,* 54 Ohio App.3d 98, 560 N.E.2d 783 (8th Dist.1988). In *Hardy*, a plaintiff sustained multiple injuries, including a severe facial laceration, which required plastic surgery that left a visible facial scar, and also had major dental damage. The jury's total damage award was found to be

against the manifest weight of the evidence because it was without any valuation for undisputed pain and suffering. *Id*. at 100.

{¶14} We recognize that this court has previously indicated that where a defendant is awarded damages for medical expenses, an award for pain and suffering does not necessarily follow and remains within the purview of the trier of fact. *Penzol-Kronstain v. Vaudrin*, 8th Dist. No. 94280, 2010-Ohio-4895, ¶ 12; *Pesic v. Pezo*, 8th Dist. No. 90855, 2008-Ohio-5738, ¶ 37-38. This is typically the case when an injury is minor, pain and suffering is de minimis, or there is contradictory evidence regarding pain and suffering being attributable to an accident. While we agree that an award for pain and suffering is not automatic, the denial of such damages may be overturned when the record demonstrates the judgment is against the manifest weight of the evidence. Indeed, "[w]here * * * the manifest weight of the evidence demonstrates significant pain and suffering and no damages are awarded, a new trial on that issue alone is necessary to make the injured party whole." *Couture v. Toledo Clinic, Inc.*, 6th Dist. No. L-07-1277, 2008-Ohio-5632, ¶ 31.

{¶15} In this case, Ford testified to the severe lacerations he sustained from being hit by the flower pot, which necessitated having pieces of ceramic removed from his wounds; having his ear reconstructed; and receiving sutures to his forehead, which resulted in permanent scarring. He spent five days in the hospital, and his injuries required multiple surgeries. He testified to being in severe pain, having temporary hearing loss, and having memory loss. He also suffered from an infection that required

additional care.  The trial court awarded him his full medical costs of $32,215.25. Despite the uncontroverted evidence that Ford had some pain and suffering, the trial court failed to include any valuation for these damages in its award.   It appears from the record that Ford's noneconomic damages were overlooked by the trial court.

{¶16} While we recognize the trial court attempted to grant reconsideration and modify the original award, this effort was not journalized prior to appeal.   Therefore, we must find the trial court's failure to award damages for pain and suffering was contrary to the manifest weight of the evidence.   Appellant's sole assignment of error is sustained.

{¶17} Accordingly, we reverse the trial court's judgment only as to its failure to award damages for pain and suffering.   We remand the matter to the trial court for a new trial on said damages.

{¶18} Judgment affirmed in part, reversed in part, and case remanded for a new trial.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR