[Cite as *Jawary v. Underwood*, 2020-Ohio-1272.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

LAILA AL JAWARY,                           :

    Plaintiff-Appellant,                :

                                    No. 108424

    v.                                  :

ASHTEN E. UNDERWOOD, ET AL.             :

    Defendants-Appellees.               :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 2, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-874770

---

***Appearances:***

Obral, Silk & Associates, L.L.C., Mark J. Obral, and Thomas Silk, *for appellant*.

Kenneally & Associates, Co., Terrence J. Kenneally, and Sean M. Kenneally, *for appellees*.

ANITA LASTER MAYS, J.:

{¶ 1} Plaintiff-appellant Laila Al Jawary ("Jawary") appeals the denial of her motion for a new trial in a personal injury action. We reverse the trial court's judgment and remand the case for a hearing on the motion.

## I.    Background and Facts

{¶ 2}    Jawary filed suit against defendant-appellee Ashten E. Underwood, Erie Insurance Company, and John Doe defendants on January 17, 2017, seeking damages for personal injuries suffered on February 13, 2015, when her vehicle was struck from behind by Underwood.  The insurer answered and cross-claimed against Underwood.  The claims against the insurer were dismissed without prejudice under Civ.R. 41(A) on September 11, 2017.

{¶ 3}    On February 27, 2019, a jury trial commenced before a visiting judge due to a docket conflict.  On March 1, 2019, the jury unanimously awarded Jawary $10,590 for past medical damages but did not award future economic damages or past and future noneconomic damages, by a six to two vote.

{¶ 4}    On March 15, 2019, Jawary moved for a new trial pursuant to Civ.R. 59(A)(2), (4) and (6) based on (1) jury misconduct, and (2) that the jury's failure to award compensation for pain and suffering was against the manifest weight of the evidence.  Jawary was advised that the trial court met with the jury after the verdict and subsequently informed Jawary's counsel that two jurors, a doctor and a nurse, told the jury during deliberations that Jawary's cervical disk fracture could not have been caused by a rear impact of her vehicle.  Jawary requested an evidentiary hearing. Underwood responded that the position of the defense had consistently been that the cervical fracture did not cause the injury.  On April 11, 2019, the original judge summarily denied the motion.  Jawary appeals.

## II.    Error and Discussion

**{¶ 5}** Jawary poses a single assigned error that encompasses the Civ.R. 59(A)(2), (4), and (6) arguments:  "The trial court erred [by] denying plaintiff's motion for new trial on the issue of non-economic damages stemming from plaintiff's broken neck."

**{¶ 6}** We review a trial court's denial of a Civ.R. 59 motion for an abuse of discretion.  *McCall v. Mareino*, 138 Ohio App.3d 794, 798, 742 N.E.2d 668 (8th Dist.2000).  "The decision lies within the sound discretion of the trial court and shall not be reversed absent a showing that its decision was unreasonable, arbitrary, or unconscionable."  *Id.*; *Dzina v. Dzina*, 8th Dist. Cuyahoga No. 83148, 2004-Ohio-4497, ¶ 76.  An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable."  (Citations omitted.)  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).  Where competent, credible evidence supports the verdict, a trial court's denial of a motion for a new trial does not constitute an abuse of discretion.  *Smith v. Sass, Friedmann & Assocs.*, 8th Dist. Cuyahoga No. 81953, 2004-Ohio-494, ¶ 37.

**{¶ 7}** Civ.R. 59(A) provides in pertinent part:

(A) A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

(2)  Misconduct of the jury or prevailing party; * * *

(4)  Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice; * * *

(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case.

## A. Juror misconduct Civ.R. 59(A)(2)

{¶ 8} This court recently stated that a trial court must conduct a two-step inquiry when analyzing allegations of juror misconduct.

> First, a trial court "must determine whether misconduct actually occurred." [*State v.*] *Jerido*, [8th Dist. Cuyahoga No. 72327, 1998 Ohio App. LEXIS 730, 6 (Feb. 26, 1998)]. If the trial court finds misconduct, then it must determine "if the misconduct materially affected the [complaining party's] substantial rights." *Id.*; *see also Pittock v. Kaiser Found. Health Plan*, 8th Dist. Cuyahoga No. 72628, 1998 Ohio App. LEXIS 2175, 15 (May 14, 1998) ("[A] judgment will not be reversed because of alleged juror misconduct unless prejudice to the complaining party is shown.").

*Elsner v. Birchall*, 2018-Ohio-2521, 114 N.E.3d 791, ¶ 12 (8th Dist.).

{¶ 9} Jawary asserted in the new trial motion that the parties did not request a jury poll and the trial court did not excuse the jury on the record. The trial court read the verdict and the jury affirmed that the reading was correct. The trial court then stated to the jury, "Folks, I'd like to speak to you just for a minute. You can come back here." (Tr. 397.) The record then provides parenthetically "[t]hereupon, proceedings concluded." *Id.*

{¶ 10} According to Jawary, after the discussion with the jury, the trial court shared with Jawary's counsel that a physician and nurse on the jury informed the jurors during deliberations that a rear-end collision could not have caused the cervical fracture, though the trial judge advised the jury at the beginning of the trial that they were not to use their medical knowledge to reach a decision in the case.

{¶ 11} Underwood counters that there is no evidence that the exchange took place and that a review of the impaneled jurors reveals a single physician. The juror disclosed during voir dire that she is an infectious disease physician but, after extensive inquiry, was not removed by the parties.

> "[T]he overriding purpose of voir dire is to question prospective jurors and determine whether a potential juror meets both the statutory qualification of a juror and is 'free from bias or prejudice for or against either litigant.'" *State v. Barker*, 2016-Ohio-8006, 75 N.E.3d 738, ¶ 37, quoting *Vega v. Evans*, 128 Ohio St. 535, 191 N.E. 757 (1934). "'[C]ounsel is in the best position to determine whether any potential juror should be questioned and to what extent.'" *State v. Hanna*, 95 Ohio St.3d 285, 2002-Ohio-2221, 767 N.E.2d 678, ¶ 111, quoting *State v. Murphy*, 91 Ohio St.3d 516, 2001-Ohio-112, 747 N.E.2d 765 (2001). "Voir dire is largely a matter of strategy and tactics." *State v. Lindsey*, 87 Ohio St.3d 479, 489, 721 N.E.2d 995 (2000).

*Elsner*, 2018-Ohio-2521, 114 N.E.3d 791, at ¶ 20. Underwood also points out that the exchange purportedly took place the day of the verdict but Jawary did not request a new trial until two weeks later.

{¶ 12} As further evidence of jury misconduct, Jawary adds that there was no testimony during trial that the accident could not have caused her injuries. The evidence reflects that Jawary suffered head, back, and neck injuries prior to the car accident. Jawary also offered medical evidence that she was injured as a result of the accident and that she suffered a new cervical vertebrae fracture. In contrast to Jawary's medical evidence, the defense's medical expert opined, based on a review of the medical records, that it was impossible for a rear-end vehicle impact to cause a fracture to first cervical vertebrae.

**{¶ 13}** The record does not reflect the trial court's consideration under Civ.R. 59(A)(2) of whether the juror misconduct occurred and, if so, whether the moving party's substantial rights were materially affected. *Elsner* at ¶ 12. Thus, Jawary's argument on this issue has merit.

### B. Excessive or Inadequate Damages and Manifest Weight

**{¶ 14}** Jawary also argues that the medical expense only damages award is (1) inconsistent, (2) against the manifest weight of the evidence, and (3) the result of passion of prejudice under Civ.R. 59(A)(6) and 59(A)(4), respectively.

> Civ.R. 59(A)(4) has two elements, (1) an excessive or inadequate award, and (2) evidence of passion or prejudice. "Size, per se, will not suffice for proof of passion or prejudice." *Pearson v. Cleveland Acceptance Corp.*, 17 Ohio App.2d 239, 245, 246 N.E.2d 602 (8th Dist.1969).

*Torres v. Concrete Designs, Inc.*, 2019-Ohio-1342, 134 N.E.3d 903, ¶ 13 (8th Dist.).

**{¶ 15}** We recognize that

> A reviewing court should not find that a verdict is inadequate unless "the inadequacy of the verdict is so gross as to shock the sense of justice and fairness, or the amount of the verdict cannot be reconciled with the undisputed evidence in the case, or it is apparent that the jury failed to include all the items of damages comprising a plaintiff's claim." *Pearson v. Wasell*, 131 Ohio App.3d 700, 709-710, 723 N.E.2d 609 (7th Dist.1998), citing *Iames v. Murphy*, 106 Ohio App.3d 627, 666 N.E.2d 1147 (1st Dist.1995).

*Banas v. Shively*, 2011-Ohio-5257, 969 N.E.2d 274, ¶ 43 (8th Dist.).

**{¶ 16}** In addition,

> To determine whether a verdict was influenced by passion or prejudice, the court should consider the amount of damages returned and whether the record discloses that the verdict was induced by: "(a) admission of incompetent evidence, (b) misconduct on the part of the court or counsel, or (c) by any other action occurring during the course of the trial which can reasonably be said to have swayed the jury

in their determination of the amount of damages that should be awarded." *Fromson & Davis Co. v. Reider*, 127 Ohio St. 564, 569, 189 N.E. 851 (1934); *see also Rinehart v. Brown*, 4th Dist. [Ross] No. 05CA2854, 2006-Ohio-1912, ¶ 16.

*Id.* at ¶ 44.

{¶ 17} An award of damages for medical expenses alone is against the manifest weight of the evidence where there is evidence supporting an award for pain and suffering. *Ford v. Sekic*, 8th Dist. Cuyahoga No. 98835, 2013-Ohio-1895, ¶ 13. The jury awarded $10,590 for the medical treatment but no award was made for past and future pain and suffering although Jawary testified to discomfort and lifestyle changes after the accident. In addition to medical evidence of her prior and current injuries, Jawary's witnesses supported her life-impact testimony. Jawary also offers that the alleged juror misconduct was a factor in the inadequate award of damages that appears to have been made under the influence of passion or prejudice.

{¶ 18} "'New trials are often granted when medical expenses are awarded in full but no damages are awarded for pain and suffering in cases where the evidence indisputably shows that the plaintiff incurred pain and suffering.'" *Frazier v. Swierkos*, 183 Ohio App.3d 77, 2009-Ohio-3353, 915 N.E.2d 724, ¶ 24 (7th Dist.), quoting *Wines v. Flowers*, 7th Dist. Belmont No. 06 BE 3, 2006-Ohio-6248, ¶ 8.

{¶ 19} We find that Jawary's sole assignment of error has merit. There is no indication in the record that the trial court considered, as required by Civ.R. 59(A)(2), whether the juror misconduct occurred and, if so, whether the

moving party's substantial rights were materially affected. *Elsner*, 2018-Ohio-2521, 114 N.E.3d 791, at ¶ 12. The award of medical expenses only, in spite of the evidence of pain and suffering, supports Jawary's argument that the damages award was inadequate and may have resulted from prejudice due to the alleged juror misconduct under Civ.R. 59(A)(4). *Ford* at ¶ 13.

{¶ 20} We also observe that the original judge did not preside over the trial in this case but issued the summary denial of Jawary's motion. The original or "'a successor judge may rule on a motion for a new trial when a different judge presided at trial [as long as] the [original or] successor judge [has] the proper evidence before him to decide the motion.'" *Elsner* at ¶ 36, quoting *Thornton v. Conrad*, 194 Ohio App.3d 34, 2011-Ohio-3590, 954 N.E.2d 666, ¶ 14 (8th Dist.), citing *Potocnik v. Sifco Indus.*, 103 Ohio App.3d 560, 567, 660 N.E.2d 510 (8th Dist.1995). There is no indication in the record that occurred in this case.

{¶ 21} We find that the trial court's denial of Jawary's motion for a new trial without a hearing was an abuse of discretion.

## III. Conclusion

{¶ 22} The trial court's judgment is reversed and remanded for a hearing on the motion for a new trial.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR