[Cite as *Jawary v. Underwood*, 2020-Ohio-5176.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

LAILA AL JAWARY,                          :

    Plaintiff-Appellant,              :

                                         No. 108424

v.                                        :

ASHTEN E. UNDERWOOD, ET AL.               :

    Defendants-Appellees.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  November 5, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-874770

---

*Appearances:*

Obral, Silk & Associates, L.L.C., Mark J. Obral, and Thomas Silk, *for appellant.*

Kenneally & Associates, Co., Terrence J. Kenneally, and Sean M. Kenneally, *for appellees.*

ON SUA SPONTE RECONSIDERATION[1]

ANITA LASTER MAYS, P.J.:

**{¶ 1}** Plaintiff-appellant Laila Al Jawary ("Jawary") appeals the denial of her motion for a new trial in a personal injury action. We reverse the trial court's judgment in part and remand the case for a new trial on the issue of noneconomic damages.

## I.  Background and Facts

**{¶ 2}** Jawary filed suit against defendant-appellee Ashten E. Underwood, Erie Insurance Company, and John Doe defendants on January 17, 2017, seeking damages for personal injuries suffered on February 13, 2015, when her vehicle was struck from behind by Underwood. The insurer answered and cross-claimed against Underwood. The claims against the insurer were dismissed without prejudice under Civ.R. 41(A) on September 11, 2017.

**{¶ 3}** On February 27, 2019, a jury trial commenced before a visiting judge due to a docket conflict. On March 1, 2019, the jury unanimously awarded Jawary $10,590 for past medical damages but did not award past or future or noneconomic damages for pain and suffering, by a six to two vote.

**{¶ 4}** Jawary advises that the trial court went to speak with the jury after the verdict. The trial court emerged from the jury area and informed Jawary's

[1] This court sua sponte overrules its motion No. 537819, dated May 11, 2020, that denied reconsideration in this case. The original announcement of decision in *Jawary v. Underwood*, 8th Dist. Cuyahoga No. 108424, 2020-Ohio-1272, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C). *See also* S.Ct.Prac.R. 7.01.

counsel that two jurors, a doctor and a nurse, told the jury during deliberations that Jawary's cervical disk fracture could not have been caused by a rear impact of her vehicle.

{¶ 5} On March 15, 2019, Jawary moved for a new trial. Jawary argued that the jury's failure to award compensation for pain and suffering was against the manifest weight of the evidence under Civ.R. 59(A)(6) and was due to passion or prejudice under Civ.R. 59(A)(4). Jawary also argued that jury misconduct under Civ.R. 59(A)(2) was a factor that fostered passion or prejudice under Civ.R. 59(A)(6).

{¶ 6} Jawary requested an evidentiary hearing and Underwood opposed the request. On April 11, 2019, the original judge summarily denied the motion. Jawary appeals.

## II.  Error and Discussion

{¶ 7} Jawary poses a single assigned error based on Civ.R. 59(A)(2), (4), and (6): "The trial court erred [by] denying plaintiff's motion for new trial on the issue of noneconomic damages stemming from plaintiff's broken neck." We find that the assignment of error has merit.

### A.  Standard of Review

{¶ 8} Civ.R. 59(A) governs new trial motions and provides in pertinent part:

> (A) A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

(2)  Misconduct of the jury or prevailing party; * * *

(4)  Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice; * * *

(6)  The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case.

{¶ 9}  We review a trial court's denial of a Civ.R. 59 motion for an abuse of discretion.  *McCall v. Mareino*, 138 Ohio App.3d 794, 798, 742 N.E.2d 668 (8th Dist.2000).  "The decision lies within the sound discretion of the trial court and shall not be reversed absent a showing that its decision was unreasonable, arbitrary, or unconscionable."  *Id.*; *Dzina v. Dzina*, 8th Dist. Cuyahoga No. 83148, 2004-Ohio-4497, ¶ 76.  An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable."  (Citations omitted.)  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).  Where competent, credible evidence supports the verdict, a trial court's denial of a motion for a new trial does not constitute an abuse of discretion.  *Smith v. Sass, Friedmann & Assocs.*, 8th Dist. Cuyahoga No. 81953, 2004-Ohio-494, ¶ 37.

**B.    Discussion**

{¶ 10}  Civ.R. 59(A)(6) allows a new trial where the judgment is against the manifest weight of the evidence.  We will not overturn the trial court's decision where there is "'some competent credible evidence going to all the essential elements of the case.'"  *Shaw Steel, Inc. v. Ronfeldt Mfg., L.L.C.*, 8th Dist. Cuyahoga

No. 102665, 2016-Ohio-1117, ¶ 31, quoting *C.E. Morris Co. v. Foley Constr. Co.*, 54

Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

{¶ 11} Consistently, courts have found:

> "when a plaintiff receives damages for medical expenses but does not receive an award of damages for past pain and suffering, and where there is evidence supporting such damages, such judgment is against the manifest weight of the evidence." *Juarez v. Osterman*, 10th Dist. Franklin No. 98AP-1221, 1999 Ohio App. LEXIS 6536 (Aug. 12, 1999). *See also Cooper v. Moran*, 11th Dist. Lake No. 2010-L-141, 2011-Ohio-6847, ¶ 21-23; *Boldt v. Kramer*, 1st Dist. Hamilton No. C-980235, 1999 Ohio App. LEXIS 2140 (May 14, 1999).

*Ford v. Sekic*, 8th Dist. Cuyahoga No. 98835, 2013-Ohio-1895, ¶ 13.

{¶ 12} Previously, this court indicated:

> [W]here a defendant is awarded damages for medical expenses, an award for pain and suffering does not necessarily follow and remains within the purview of the trier of fact. *Penzol-Kronstain v. Vaudrin*, 8th Dist. Cuyahoga No. 94280, 2010 Ohio 4895, ¶ 12; *Pesic v. Pezo*, 8th Dist. Cuyahoga No. 90855, 2008-Ohio-5738, ¶ 37-38. This is typically the case when an injury is minor, pain and suffering is de minimis, or there is contradictory evidence regarding pain and suffering being attributable to an accident.

*Id.* at ¶ 14.

{¶ 13} However,

> [w]hile we agree that an award for pain and suffering is not automatic, the denial of such damages may be overturned when the record demonstrates the judgment is against the manifest weight of the evidence. Indeed, "[w]here * * * the manifest weight of the evidence demonstrates significant pain and suffering and no damages are awarded, a new trial on that issue alone is necessary to make the injured party whole." *Couture v. Toledo Clinic, Inc.*, 6th Dist. Lucas No. L-07-1277, 2008-Ohio-5632, ¶ 31.

*Id.*

{¶ 14} The accident occurred on February 13, 2015. Jawary received medical attention within twenty-four hours of the accident and received treatments for three years. Jawary wore a cervical collar for eight months and received treatment for pain management. The jury awarded $10,590 for the medical treatments but, by a six-to-two juror vote, no award was made for past and future pain and suffering, for future economic damages, or for past and future noneconomic damages.

{¶ 15} Jawary worked as a tailor prior to immigrating from Iraq to the United States and testified at trial using an interpreter. Several of Jawary's friends confirmed Jawary's testimony that, since the accident, Jawary has been unable to perform sewing work, is in constant pain, and requires assistance with daily household tasks.

{¶ 16} Jawary also offered expert medical evidence that she suffered a nondisplaced fracture to the C-1 cervical vertebrae as the result of the accident as reflected by the diagnosis of the emergency room neurosurgeon. Dr. Michael J. Paley, a radiologist, testified that within a reasonable degree of medical certainty, the C-1 fracture depicted in the April 2015 CAT scan of Jawary's neck was a new injury less than six weeks old as a result of the accident.

{¶ 17} Dr. Jeremy Amps ("Dr. Amps"), a neurosurgeon at the Cleveland Clinic, testified that the April 2015 CAT indicated a new neck fracture that was less than six weeks old. Dr. Amps did not attribute the fracture to a prior injury to Jawary's neck that the doctor stated was not acute. Dr. Michael Jesse, an Osteopath, examined Jawary in 2014 for blood pressure concerns and did not observe a mass

or flexibility issue with Jawary's neck. Dr. Steven Papandreas, a Chiropractor, opined to a reasonable degree of medical certainty that Jawary suffered the cervical fracture in the accident and that Jawary's prognosis is poor.

{¶ 18} Jawary also argues that there was no testimony during trial that "a fracture to the C-1 vertebrae could not have happened from a rear-end collision." Appellant's brief, p. 2. Underwood counters that Jawary's claims stem from injuries incurred prior to the accident and that Jawary has suffered from neck pain since 2007 due to a C-7 disk injury. In 2012, Jawary suffered head, back, and neck injuries when struck by a car while walking. Medical reports indicate that Jawary was treated for over a year and a September 2014 report provides that Jawary suffered from back and neck pain.

{¶ 19} Underwood also defends that Jawary testified at deposition that she was running from a dog in 2014, hit a balcony, fell on her back, hit her head on a wall, and experienced neck pain. At trial, Jawary testified that she hit her shoulder and not her head. Underwood adds that the air bag was not deployed during the accident, and Jawary did not request medical attention at the scene of the accident, though Underwood admitted that Jawary does not speak English. Later, the day of the accident, Jawary went to the emergency room complaining of pain in the left side of her neck, shoulder, and elbow.

{¶ 20} Defense medical expert Dr. William Bohl ("Dr. Bohl") compared a CAT scan of Jawary's neck taken soon after the accident and a second scan taken in April 2015. Dr. Bohl opined that there was no indication of a new healing process to

support the C-1 injury.  The doctor also said that a chiropractor would not employ motion exercises to treat a C-1 injury, that the 2014 accident was more likely to cause a C-1 injury and that the a rear-end vehicle impact would not cause a fracture to the first cervical vertebrae.

{¶ 21} Thus, Underwood offers that the jury could reasonably have concluded that the injuries were due to prior incidents.  However, it is axiomatic that:

> A tortfeasor is fully liable for any damages resulting from its wrongful act even if the victim had a preexisting condition that made the consequences of the wrongful act more severe for him [or her] than they would have been for a person without the condition.  * * * [T]he eggshell skull rule states only that the tortfeasor may not escape or reduce liability because the victim's preexisting condition made the victim more susceptible of injury from the tortfeasor's conduct.

(Citations omitted).  *Daniels v. Northcoast Anesthesia Providers, Inc.*, 2018-Ohio-3562, 120 N.E.3d 52, ¶ 43 (8th Dist.).

{¶ 22} Jawary's single assigned error claims entitlement to a new trial on the issue of noneconomic damages stemming from Jawary's neck injury.  The jury awarded the total medical expenses.  We find that the failure to award noneconomic damages under the facts of this case is against the manifest weight of the evidence.  Jawary is entitled to a new trial solely on the issue of noneconomic damages.  *Ford*, 8th Dist. Cuyahoga No. 98835, 2013-Ohio-1895, at ¶ 13-14.  Our determination that Jawary is entitled to a new trial on the issue of noneconomic damages under Civ.R. 56(A)(6) renders the remaining arguments moot.  App.R. 12(A).

### III.  Conclusion

{¶ 23} The trial court's judgment is reversed in part and the case is remanded for a new trial solely on the issue of noneconomic damages.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR