JOURNAL ENTRY AND OPINION
{¶ 1} Christine Russo ("Russo") appeals from the judgment of the trial court, granting plaintiffs Dora and Francis Tenaglia's ("the Tenaglias") motion for a new trial. Russo argues that the trial court erred when it granted the Tenaglias' motion for a new trial and when it admitted hearsay evidence. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On November 23, 2003, the Tenaglias were driving east on Interstate 480 in the left-hand lane when Russo lost control of her vehicle and collided with the Tenaglias' vehicle. The impact of the collision caused the Tenaglias' vehicle to spin *Page 3 
out of control across the four lanes of traffic and stop at the side of the highway. Russo's car struck the median. The air bags on both cars deployed, and the Tenaglias and Russo were taken to the hospital by ambulance.
 {¶ 3} As a result of the accident, Francis Tenaglia suffered knee and soft tissue injury and had restricted activities for approximately four months. Francis sought treatment from Dr. Kansal, his primary physician. His total medical expenses were $1,365.
 {¶ 4} Dora Tenaglia suffered various injuries as a result of the accident, but primarily, she suffered from pain in her right shoulder. While at the emergency room, she complained of pain to her right arm. Later that night, she observed a large bruise on her right shoulder and noticed that she could not lift her arm. Dora saw her primary physician, Dr. Kansal, who referred her to Southwest Orthopedics for her chief complaint of shoulder pain.
 {¶ 5} At Southwest Orthopedics, doctors discovered that Dora suffered a complete rotator cuff tear and that surgery and rehabilitation were required to treat the injury. Dr. Andrew Wolanin ("Dr. Wolanin") performed the surgery on January 23, 2004. Dr. Wolanin reviewed Dora's medical records and concluded that she did not suffer from any pre-existing injury that would have caused the rotator cuff tear. Dora's medical expenses, which included surgery, diagnostic testing, and rehabilitation, exceeded $28,000. *Page 4 
 {¶ 6} On November 16, 2004, the Tenaglias filed the instant negligence lawsuit against Russo. Russo denied liability and claimed that a phantom vehicle caused the crash. Specifically, Russo claimed that as she entered Interstate 480 on Clague Road, a white vehicle entered her lane and hit the front of her vehicle, causing her to lose control and hit the Tenaglias' vehicle. Because of the claim of the phantom vehicle, the Tenaglias amended their complaint to include a claim against this unknown driver and their insurance company, Grange Mutual Casualty.
 {¶ 7} During the discovery process, Russo requested that the Tenaglias sign medical authorizations. The authorizations requested unlimited access to medical records dating back fifteen years prior to the accident. The Tenaglias resisted this demand, citing the patient-physician privilege. Russo filed a motion to compel the Tenaglias' signatures on the medical authorizations, which the trial court denied. Russo never refined his request for the Tenaglia's medical records.
 {¶ 8} In support of their claim for damages, the Tenaglias played their videotaped deposition of Dr. Wolanin. During his deposition, Dr. Wolanin specifically testified that in his expert opinion, Dora's rotator cuff tear to the shoulder was caused by the motor vehicle accident on November 23, 2003. Russo never supplied any contradictory medical testimony.
 {¶ 9} During closing arguments, Russo's attorney passionately argued that the Tenaglias were misleading the jury by concealing the medical records of Dr. *Page 5 
Kansal as they pertained to Dora. Defense counsel's argument suggested that Dora's rotator cuff tear was not suffered in the motor vehicle accident and that the records that would support this argument were being hidden by the Tenaglias.
 {¶ 10} On February 10, 2006, the jury returned a verdict in favor of the Tenaglias, awarded Francis $1,500 and awarded Dora $7,500. The jury concluded that Russo alone caused the accident and found in favor of Grange Mutual Insurance Company. After the verdict was rendered, the Tenaglias' attorney orally moved for a new trial.
 {¶ 11} On February 13, 2006, the trial court conducted a hearing on the motion for a new trial. During argument, the trial court questioned Russo's attorney about his closing argument to the jury. Russo's attorney admitted that although the Tenaglias resisted providing all of their medical records dating back fifteen years prior to the accident, nothing prevented him from refining his request to acquire the Tenaglias' relevant pre-accident records. Russo's attorney admitted that he did not refine his request for medical authorizations from this period even though he argued to the jury that the Tenaglias would not provide those records.
 {¶ 12} After hearing both sides argue, the trial court granted the Tenaglias' motion for a new trial. In its journal entry granting the Tenaglias' motion, the trial court specifically found that the damages were inadequate, the judgment was *Page 6 
against the manifest weight of the evidence, and that Russo made misrepresentations to the jury.
 {¶ 13} Russo appeals, raising the two assignments of error contained in the appendix to this opinion.
 {¶ 14} In her first assignment of error, Russo argues that the trial court erred when it granted the Tenaglias' motion for a new trial. This assignment of error lacks merit.
 {¶ 15} The decision whether to grant a new trial pursuant to Civ.R. 59(A) rests within the sound discretion of the trial court. Buck v.Canacci (Nov. 21, 1997), Lake App. No. 96-L-185. Accordingly, an appellate court will not reverse a trial court's decision absent an abuse of that discretion. Id. "The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} In granting the Tenaglias' motion for a new trial, the trial court based
 {¶ 17} its decision on Civ.R. 59(A)(4) and (6), which read as follows:
 "(A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 (6) The judgment is not sustained by the weight of the evidence. * * *" *Page 7 
 {¶ 18} This court will address the bases for the trial court's decision separately.
 Civ.R.59(A)(4). {¶ 19} When reviewing the grant or denial of a new trial pursuant to Civ.R. 59(A)(4), Ohio courts have held that the size of the verdict, without more, is insufficient to prove passion or prejudice. Elwer v.Carrol's Corp., Allen App. No. 1-06-33, 2006-Ohio-6085. Instead, "[t]here must be something contained in the record which the complaining party can point to that wrongfully inflamed the sensibilities of the jury." Shoemaker v. Crawford (1991), 78 Ohio App.3d 53. In determining whether a verdict was influenced by passion or prejudice, the reviewing court must consider not only the amount of damages returned, but also whether the record discloses the admission of incompetent evidence or misconduct on the part of the court or counsel or other action to sway the jury. Loudy v. Faries (1985), 22 Ohio App.3d 17.
 {¶ 20} We find that the trial court correctly found the jury's award of damages was the result of passion and prejudice. During closing argument, Russo's attorney intimated that Dora's torn rotator cuff injury was really caused by a pre-existing injury that the Tenaglias were hiding. However, Russo's counsel later admitted, outside the presence of the jury, that he never refined his request for Dora's medical records prior to the date of the accident. Moreover, Dora's counsel correctly resisted Russo's attempt to obtain medical records for the fifteen years prior to the accident *Page 8 
as privileged materials. Russo's attorney in closing argument wrongfully inflamed the jury's sensibilities resulting in an award of insufficient damages.
 {¶ 21} Accordingly, we find that the trial court did not abuse its discretion when it ruled that the award of damages was insufficient.
 Civ.R. 59(A)(6). {¶ 22} In assessing whether a verdict is contrary to the weight of the evidence, trial courts are vested with wide discretion to determine whether a manifest injustice has been done. Dillon v. Bundy (1991),72 Ohio App.3d 767. In order to set aside a damage award against the manifest weight of the evidence, a reviewing court must determine that the verdict is so gross as to shock the sense of justice and fairness, cannot be reconciled with the undisputed evidence in the case, or is the result of an apparent failure by the jury to include all the items of damage making up the plaintiff's claim. Iames v. Murphy (1995),106 Ohio App.3d 627.
 {¶ 23} In the present case, the trial court determined that the damage award could not be reconciled with the undisputed evidence in the case. We agree with that conclusion. The Tenaglias testified about their injuries and medical care, which included emergency room visits on the day of the accident, and Dora Tenaglia's surgery, diagnostic testing and physical therapy. The testimony of Dr. Wolanin provided fact and opinion testimony that related Dora's injuries and conditions to the November 23, 2003 motor vehicle accident. *Page 9 
 {¶ 24} In response, Russo's defense did not provide any expert testimony contradicting these claims of pain and money damages. Her defense solely relied upon the cross-examination of Francis, Dora, and Dr. Wolanin. During the cross-examination, Russo implied that Dora's torn rotator cuff was actually the result of a pre-existing injury, not the motor vehicle accident as claimed by the Tenaglias. However, Russo did not argue that the Tenaglias' treating doctors employed unnecessary diagnostic and treatment methods or that the doctor's charges for services rendered were unfair or unreasonable.
 {¶ 25} Dora Tenaglia presented claims for medical bills greatly in excess of the verdict, in addition to the testimony of her pain and suffering. Specifically, her medical bills relating to her shoulder surgery exceeded $28,000 and were supported by professional testimony during trial. While Francis Tenaglia's medical bills were slightly lower than the jury award, the trial court correctly found this amount to be inadequate. Based on this record, we agree with the trial court that the jury's verdict of $1,500 and $7,500 appears illogical and is against the manifest weight of the evidence.
 {¶ 26} We find that there exists competent, credible evidence to support the trial court's conclusion. Buck, supra. As such, we conclude that the trial court did not abuse its discretion when it determined that the jury's verdict was inadequate and against the manifest weight of the evidence. *Page 10 
 {¶ 27} Russo's first assignment of error is overruled.
 {¶ 28} In her second assignment of error, Russo argues the following:
 "The trial court committed error by admitting evidence offered by plaintiffs-appellees that was hearsay not subject to any recognized exception."
 {¶ 29} In this assignment of error, Russo argues that the trial court made numerous errors by admitting hearsay into evidence for the jury's consideration. However, Russo does not argue that these errors were sufficient to overturn the verdict. Instead, Russo states thatif this court affirms the trial court's decision, which we have, that during the new trial, the jury should consider only properly admissible evidence under the Ohio Rules of Evidence.
 {¶ 30} Because Russo does not challenge any error during the first trial and is merely speculating that the trial court, during the second trial, will admit impermissible hearsay evidence, this assignment of error is not ripe for appellate review.
 {¶ 31} Russo's second assignment of error is overruled.
Judgment Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 11 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, JUDGE
 FRANK D. CELEBREZZE, JR., A.J., and CHRISTINE T. McMONAGLE, J., CONCUR *Page 12 
 Appendix Assignments of Error: "I. The trial court erred by granting the plaintiffs-appellees' oralmotion for a new trial.
 II. The trial court erred by admitting as evidence hearsay not subjectto any recognized exception." *Page 1