[Cite as *State v. Allen*, 2024-Ohio-2711.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

    v. :

ISAIAH ALLEN, :

    Defendant-Appellant. :

No. 113430

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 18, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-677520-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kevin R. Filiatraut, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, Rick L. Ferrara, Assistant Public Defender, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Isaiah Allen ("Allen") appeals the trial court's application of the Reagan Tokes Law (S.B. 201) to his criminal convictions. We affirm the trial court's judgment.

**{¶ 2}** On January 24, 2023, Allen was indicted on the following counts:

1. Aggravated Murder, an unclassified felony pursuant to R.C. 2903.01(A), with one- and three-year firearm specifications pursuant to R.C. 2941.141 and 2941.145 as to "J.W.";

2. Aggravated Murder, an unclassified felony pursuant to R.C. 2903.01(B), with one- and three-year firearm specifications pursuant to R.C. 2941.141 and 2941.145 as to "J.W.";

3. Aggravated Robbery, a felony of the first degree pursuant to R.C. 2911.01(A)(1), with one- and three-year firearm specifications pursuant to R.C. 2941.141 and 2941.145 as to "J.W.";

4. Murder, an unclassified felony pursuant to R.C. 2903.02(B), with one- and three-year firearm specifications pursuant to R.C. 2941.141 and 2941.145 as to "J.W.";

5. Robbery, a felony of the first degree pursuant to R.C. 2911.01(A)(1), with one- and three-year firearm specifications pursuant to R.C. 2941.141 and 2941.145 as to "J.W.";

6. Murder, an unclassified felony pursuant to R.C. 2903.02(B), with one- and three-year firearm specifications pursuant to R.C. 2941.141 and 2941.145 as to "J.W.";

7. Felonious Assault, a felony of the second degree pursuant to R.C. 2903.11(A)(1), with one- and three-year firearm specifications pursuant to R.C. 2941.141 and 2941.145 as to "J.W."; and

8. Felonious Assault, a felony of the second degree pursuant to R.C. 2903.11(A)(2), with one- and three-year firearm specifications pursuant to R.C. 2941.141 and 2941.145 as to "J.W."

**{¶ 3}** On October 11, 2023, Allen pleaded guilty to amended Count 1, murder under R.C. 2903.02, an unclassified felony, with a three-year firearm specification. The prior calculation and design language was removed. Allen also pleaded guilty to Count 3, aggravated robbery, a first-degree felony. The one- and three-year firearm specifications were deleted. The remaining counts were nolled.

{¶ 4} On November 13, 2023, Allen was sentenced as follows: Count 1 — three years for the firearm specification to be served prior and consecutive to 15 years to life for the murder conviction, and Count 3 — a minimum of 10 years and maximum of 15 years under the Reagan Tokes Law to be served consecutive to Count 1 with two years of mandatory postrelease control up to a maximum of five years of postrelease control. Costs were waived.

{¶ 5} Allen assigns a single error: The trial court erred when it found S.B. 201 to be constitutional and imposed an indefinite sentence pursuant to S.B. 201.

{¶ 6} Allen contends that the Reagan Tokes Law violates his constitutional right to a trial by jury, the separation-of-powers doctrine, and his due process rights under the Ohio and United States Constitutions and that this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470 (8th Dist.), was incorrectly decided.

{¶ 7} Upon review of the record, this court observes that Allen did not raise an objection to the constitutionality of the Reagan Tokes Law at his sentencing hearing. "'"[T]he question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court."'" *State v. Jenkins*, 2021-Ohio-123, ¶ 21 (8th Dist.), quoting *State v. Alexander*, 2020-Ohio-3838, ¶ 8 (12th Dist.), quoting *State v. Buttery*, 2020-Ohio-2998, ¶ 7.

{¶ 8} This court has previously refused to address challenges to the constitutionality of the Reagan Tokes Law where the issue was not raised at sentencing. *See, e.g., State v. White*, 2021-Ohio-126, ¶ 6-9 (8th Dist.). However, an appellate court may still review a constitutionality issue for plain error. *State v.*

*Dames*, 2020-Ohio-4992, ¶ 14 (8th Dist.), citing *State v. Quarterman*, 2014-Ohio-4034, ¶ 16. A showing must be made that "the error was plain or obvious" and that "but for the error the outcome of the proceeding would have been otherwise, and that reversal must be necessary to correct a manifest miscarriage of justice." *Buttery* at ¶ 7.

{¶ 9} In this case, we find no error, plain or otherwise. On July 26, 2023, the Ohio Supreme Court rejected arguments analogous to those proffered by Allen in *State v. Hacker*, 2023-Ohio-2535, ¶ 41. *State v. Simmons*, 2021-Ohio-939, held that the Reagan Tokes Law is constitutional. *Id.* at ¶ 14.

{¶ 10} Allen's assignment of error is overruled.

{¶ 11} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
SEAN C. GALLAGHER, J., CONCUR